THOMPSON, J.
This is the case of a bill filed by the administrator de bonis non to injoin the sale of a slave, which came to his hands as unadministered assets of his intestate, under an execution of fi. fa. sued out by a creditor of the estate against the first representative and her securities, upon a judgment by which the first representative was convicted of a devastavit. The judgment and fi. fa. was de bonis propriis against her and her sureties, and was therefore not properly levied upon the unadministered assets in the hands of her successor.' It is not the case of the absolute owner of a slave asking to injoin a sale under a wrongful levy, in which peculiar value is presumed, from the nature of *the property, unless such presumption is precluded by the circumstances of the case, as it might have been had the distributees filed the bill, claiming as such, and alleging that a sale would noi be necessary for the payment of debts, or had the plaintiff, as administrator, have *850 complained in their behalf and negatived the necessity of a sale for the payment of debts. This bill claims the slave, not for the benefit of the distributees, but for the creditors alone, alleging a deficiency of assets, and, consequently, the necessity of a sale for the payment of debts. It is, then, substantially the case of an in-cumbrancer seeking to injoin the sale of personal property pledged for the payment of debts, and which must be sold in any event, and therefore comes within the influence of the decision of Bowyer, &c. v. Creigh, &c., 3 Rand. 25, and subsequent cases affirming the same principle, which deny to a court of equity jurisdiction in such a case. The plaintiff’s remedy was in a court of law, upon the indemnifying bond, or in a suit to recover the property. Therefore, the injunction in this case was improvidently awarded, might have been dissolved on motion, without answer or demurrer, and was very properly dissolved upon the demurrer and answer which were filed. l : : ; ! : ; : ; ■ ;
As this case goes off upon the ground of jurisdiction, it is unnecessary to express any opinion upon questions that may by possibility hereafter arise between the creditor now enjoined on the one hand, and the creditors who are seeking to charge the ün-administered assets and the distributees on the other — 'that is to say, whether the creditor who has recovered his judgment upon a devastavit against the first representative and her sureties, has lost his recourse upon the unadministered assets, or whether that recourse is only suspended until he has prosecuted them to insolvencj'; and, in the event of the insolvency of the first representative and her sureties, whether or not he could claim to occupy the same rights and priorities to and upon the unad- : ministered assets as *if he had obtained no judgment in devastavit against the first administratrix and sureties, but had brought his suit against the first representative and revived by scire facias against the administrator de bonis non.
The other judges concurred.
Judgment affirmed with damages and costs.